Sean Patterson (SBN 234565)
Meghan C. Killian (SBN 310195)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: (415) 957 3000
Fax: (415) 957 3001
cspatterson@duanemorris.com
mckillian@duanemorris.com

Gerald L. Maatman *(pro hac vice pending)*
Jennifer A. Riley *(pro hac vice pending)*
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Tel: (312) 499-6700
Fax: (312) 279-6780
gmaatman@duanemorris.com
jariley@duanemorris.com

Attorneys for Defendant
PAPA JOHN'S INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

EDDIE GUERRA, individually and on behalf of classes of similarly situated individuals,

Plaintiff,

v.

PAPA JOHN'S INTERNATIONAL, INC. and DOES 1 through 100, inclusive,

Defendant.

Case No. __________

**DEFENDANT PAPA JOHN'S INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

[Removed from Alameda Superior Court, Case No. 23CV028458]

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant PAPA JOHN'S INTERNATIONAL, INC. ("Papa John's" or "Defendant") hereby notices removal of this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, asserting original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")) and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.1.

## I. PLEADINGS, PROCESS, AND ORDERS

1. On February 28, 2023, Plaintiff Eddie Guerra ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California, County of Alameda, entitled *Eddie Guerra v. Papa John's International, Inc.*, Case No 23CV028458. (Declaration of Sean Patterson ("Patterson Decl.") at Ex. A, Plaintiff's Complaint ("Compl.").) Plaintiff asserts a single cause of action against Papa John's ("Defendant") based on an alleged violation of California Penal Code § 632.7, for alleged Unlawful Recording and/or Monitoring of Cellular and Cordless Telephone Communications. (*See* Ex. A, Compl. ¶¶ 36-43).

2. Plaintiff claims that, "on several occasions, including in February 2023, Plaintiff called one of Defendant's local store numbers, selected Option 3 to place an order, and engaged in conversations with Defendant's employees or agents at the Order Call Center to order pizzas." (*Id.* ¶ 16.) Plaintiff also claims that, "on at least two occasions, Plaintiff also placed follow up calls to Defendant's (877) 547-7272 customer service number and spoke with a customer service representative about problems with his orders." (*Id.*) Plaintiff claims that he made these telephone calls from within California while using his cellular telephones. (*Id.*)

3. Plaintiff claims, on information and belief, that "at all relevant times," Defendant had and followed a "policy and practice of intentionally and surreptitiously recording and/or monitoring" telephone conversations between Plaintiff or putative class members and Defendant's "customer service and Order Call Center customer service representatives." (*Id.* ¶ 40.)

/ / /

4. Plaintiff claims that, although Defendant unlawfully recorded and/or monitored such communications, Defendant "had and followed a policy and practice of not advising or warning California residents," such as Plaintiff or putative class members, at the outset of such inbound calls that their telephone communications with Defendant's customer service and Order Call Center customer service representatives "would be recorded and/or monitored." (*Id.* ¶ 41.)

5. Plaintiff alleges that, because Defendant did not disclose to Plaintiff or putative class members at the call outset that their calls were being recorded and/or monitored, Defendant "did not obtain, and could not have obtained," express or implied advance consent to the recording or monitoring of those conversations. (*Id.* ¶ 42.)

6. In the Complaint, Plaintiff seeks to represent two putative classes – the "Customer Service Class" and the "Order Call Center Class." As to the Customer Service Class, Plaintiff seeks to represent all California residents who made a telephone call to one or more of Defendant's customer service numbers, and, as to the Order Call Center Class, Plaintiffs seeks to represent California residents who made a telephone call and were routed to Defendant's Order Call Center. Plaintiff contends that Defendant "recorded and/or monitored" each type of call without any "warning or disclosure" at the call outset. (*Id.* ¶¶ 21-22, 40-42.)

## II. TIMELINESS OF REMOVAL

7. On March 22, 2023, Defendant accepted service of the Complaint in this action. This notice, filed within 30 days of service, is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day removal period runs from proper service under state law). (Patterson Decl. ¶ 3, Ex. B.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")[1]

8. This Court has original jurisdiction over this action under the CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(2), because: (1) the action involves 100 or more putative class members; (2) at least one class member is a citizen of a state different from that of at least one defendant; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5), & (d)(6).

### A. The Putative Class Exceeds 100

9. The number of alleged putative class members in this action is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Indeed, Plaintiff alleges that Customer Service Class and the Order Call Center Class each consists of "at least seventy-five" individuals, thus exceeding the class member requirement when aggregated. (Compl. ¶¶ 27-28.)

### B. Plaintiff And Papa John's Are Minimally Diverse

10. The CAFA requires only minimal diversity for purposes of establishing federal jurisdiction. That is, at least one putative class member must be a citizen of a state different from any named defendant. *See* 28 U.S.C. § 1332(d)(2)(A). In this case, as explained below, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Papa John's (Delaware and Kentucky or Georgia).

11. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

---

[1] The Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a), because this action is a civil action involving an amount in controversy exceeding $75,000, between parties with complete diversity of citizenship. As demonstrated herein, complete diversity exists between Plaintiff and Defendant are citizens of different states, and the amount in controversy is satisfied because Plaintiff alleges that he made "several" telephone calls to place orders (Compl. ¶ 16), made at least "two" calls to customer service (*id.*), and seeks statutory damages of $5,000 per call, plus attorneys' fees (*id.* at 13).

12. Citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Where a plaintiff alleges in the complaint that the plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes." *See Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013).

13. Plaintiff alleges that he is "a resident of California." (Compl. ¶ 6.) Plaintiff does not indicate any intent to leave or not to remain indefinitely in California. Accordingly, Plaintiff is a citizen of California.

14. A corporation is deemed a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. 28 USC § 1332(c)(1). A corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). In *Hertz*, the U.S. Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which "ordinarily equates . . . with a corporation's headquarters." *Id.* The U.S. Supreme Court explained that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 1192-93; *see id.* at 1195 (distinguishing situation where alleged "nerve center" is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat").

15. For removal purposes, citizenship is measured both when the action is filed and when it is removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter*, 265 F.3d at 857.

16. Plaintiff alleges that Defendant is a corporation organized "under the laws of the State of Delaware with its headquarters in Louisville, Kentucky and Atlanta, Georgia." (Compl. ¶ 7.) In

fact, at all times since Plaintiff commenced this lawsuit, Papa John's has been a corporation organized under the laws of the State of Delaware and has maintained its headquarters in Louisville, Kentucky or Atlanta, Georgia. Its corporate executives, including its senior leadership team, have been and continue to be located in these states, have maintained and continue to maintain their offices in these states, and have performed and continue to perform their primary corporate duties and job functions in these states. (Declaration of Joe Hall ("Hall Decl.") ¶ 3.)

17. Because Papa John's was formed under the laws of the state of Delaware and maintains its headquarters in the State of Kentucky or Georgia, it is not a citizen of the State of California. (Compl. ¶ 7.)

18. Pursuant to 28 U.S.C. §§ 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Thus, the existence of Doe Defendants 1 through 100 does not deprive this Court of jurisdiction. *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 n.4 (9th Cir. 2006).

19. Accordingly, the CAFA's diversity requirement is satisfied because at least one class member – here, Plaintiff – and Defendant Papa John's are citizens of different states.

**C. The Amount In Controversy Exceeds The Statutory Minimum**

20. While Papa John's denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs. Defendant bases all calculations supporting the amount in controversy on the Complaint's allegations, assuming without any admission, the truth of the allegations (which Defendant disputes). Likewise, Defendant bases these calculations on the putative classes alleged in the Complaint, and in no way indicates or concedes that class treatment is appropriate in this case, that Plaintiff has standing to represent any class, or that the class as proposed would meet the requirements set forth in

Rule 23 of the Federal Rules of Civil Procedure. Defendant expressly reserves the right to challenge Plaintiff's claims, as well as his standing and adequacy to represent any class, Plaintiff's class definition, Plaintiff's ability to meet the requirements of Rule 23, and the calculation of damages or any other monetary relief in all respects.

21. Under the CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22. To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Where, as here, Plaintiff does not plead a specific amount of damages, a defendant need only "plausibly show that it is reasonably possible that the potential liability exceed $5 million." *Greene v. Harley-Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). As the Ninth Circuit has explained, "the amount in controversy is the 'amount at stake in the underlying litigation,'" which "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (*quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis omitted)).

/ / /

23. Because Plaintiff has not alleged a particular dollar figure regarding the relief sought, reasonable estimates of the alleged amount in controversy are appropriate. *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). As the U.S. Supreme Court has explained, a defendant's amount-in-controversy allegations on removal are entitled to the same weight given those alleged by a plaintiff in its pleadings. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. As a result, the effect of any affirmative defenses potentially reducing the amount in controversy cannot be considered when determining federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003) (holding that affirmative defenses may not be used to "whittle down the amount in controversy"); *Lara v. Trimac Transp. Servs. (Western), Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

24. Here, Plaintiff seeks a judgment for and award of the minimum statutory damages of $5,000 per violation under California Penal Code § 637.2 to Plaintiff, the members of the Customer Service Class, and the members of the Order Call Center Class, plus attorneys' fees. (Compl. at 13.)

25. Plaintiff alleges that, on "several occasions," Plaintiff called one of Defendant's local store numbers and engaged in conversations with persons "at the Order Call Center to order pizzas," and he alleges that, "on at least two occasions," Plaintiff placed follow up calls "to Defendant's (877) 547-7272 customer service number" and engaged in conversations to report "problems with his orders." (Compl. ¶ 16.) Plaintiff further alleges that "Papa John's is one of the largest pizza delivery chains in the United States, with more than 130 locations throughout California." (*Id.* ¶ 2.) Thus, based on Plaintiff's Complaint, alone, it is reasonably possible that the potential liability exceeds $5 million.

26. As an initial matter, because Plaintiff alleges that Papa John's maintained 130 locations throughout California, even if each location received only eight orders via telephone during the relevant period, the amount of damages Plaintiff seeks exceeds the $5,000,000 threshold, and the

amount in controversy is easily met (130 locations x 8 calls x $5,000 = $5,200,000).

27. Alternatively, because Plaintiff alleges that he made "several" calls to "one of Defendant's local store numbers . . . to place an order" and "at least two" calls to customer service, reasonably calculating that each of the "at least" 150 putative class members made a similar number of calls as Plaintiff alleges, the amount in controversy easily meets the $5,000,000 threshold (150 putative class members x 7 calls x $5,000 = $5,250,000).

28. In sum, because Plaintiff alleges that Defendant maintained over 130 locations across California, that he placed "several" relevant calls to a local number and "at least two" calls to the customer service number, that each class contains at least 75 class members, and that his claims are "typical" of those he seeks to represent; his allegations alone plausibly demonstrate that the amount in controversy is satisfied.

29. Further, considering the number of calls actually placed during the relevant period, the amount in controversy is satisfied. In particular, considering only calls placed to local numbers, over the past year, more than 1,000 telephone calls were made to a California-based Papa John's store number that were then routed to an order call center. (Hall Decl. ¶ 5; Compl. ¶ 16.) Thus, even assuming that each of the "at least" 75 members of the Customer Service Class made only one call, the amount in controversy is easily met ((1,000 order calls (Hall Decl. ¶ 5) x $5,000) + (75 customer service calls (Compl. ¶¶ 21, 27) x $5,000) = $5,375,000).

30. In addition, as noted above, Plaintiff seeks attorneys' fees. Such fees are included in the amount-in-controversy analysis. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy [for purposes of removal under CAFA] includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

31. In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or

mandatory); *Longmire v. HMS Host U.S., Inc.*, No., 12-cv-2203, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA."); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (holding that attorneys' fees appropriately were included in determining amount in controversy).

32. In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (holding that attorneys' fees, whether mandatory or discretionary, appropriately "may be included in the amount in controversy" under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) (noting that "[w]e have [] established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and finding plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment appropriate and reasonable); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that, in the class action settlement context, the benchmark for setting attorneys' fees is 25% of the common fund).

33. Thus, under the benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above equals at least $1,300,000 ($5,200,000 x .25). Thus, even if the amount in controversy were $4,500,000, less than the alleged potential liability based on Plaintiff's allegations, the addition of a 25% fee award would bring the amount in controversy over the CAFA amount in controversy requirement.

34. For the reasons set forth above, the Complaint places more than $5,000,000 in controversy, exclusive of interest and costs, and the CAFA's amount-in-controversy requirement is satisfied.

## IV. REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA IS PROPER

35. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c). This action originally was brought in the Alameda County Superior Court of the State of California, located within the Northern District of California. 28 U.S.C. § 84(c). Therefore, it is properly removed to this District.

## V. NOTICE TO STATE COURT AND PLAINTIFF

36. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Alameda County Superior Court, as required under 28 U.S.C. § 1446(d).

**Dated: April 21, 2023**

**DUANE MORRIS LLP**



By:________________________________

Gerald L. Maatman, Jr.(*pro hac vice pending*)
Jennifer A. Riley (*pro hac vice pending*)
Sean Patterson (SBN 234565)
Attorneys for Defendant
PAPA JOHN'S INTERNATIONAL, INC.