# EXHIBIT A

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN, A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

*Attorneys for Plaintiff*
Eddie Guerra

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/28/2023 at 11:29:59 AM
By: Darnekia Oliver,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

EDDIE GUERRA, individually and on behalf of classes of similarly situated individuals,

Plaintiff,

v.

PAPA JOHN'S INTERNATIONAL, INC.; and DOES 1 through 100, inclusive,

Defendants.

Case No: 23CV028458

CLASS ACTION

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**CLASS ACTION COMPLAINT**

Plaintiff Eddie Guerra ("Plaintiff"), on behalf of himself and classes of similarly situated individuals as defined below (the "PC § 632.7 Classes"), alleges on information and belief as follows:

**INTRODUCTION**

1. This class action lawsuit arises out of Defendant Papa John's International, Inc.'s ("Defendant" or "Papa John's") policy and practice of recording and/or monitoring,[1] without the consent of all parties, California residents' telephone calls to (1) Defendant's customer service telephone numbers (which may be referred to as "customer service numbers"), including but not limited to (877) 547-7272, and (2) local telephone numbers (which may be referred to as "local numbers") for Defendant's California store locations that are routed to Defendant's "Order Call Center."

2. Papa John's is one of the largest pizza delivery chains in the United States, with more than 130 locations throughout California. Founded in 1984, Papa John's advertises a commitment to better ingredients for a better pizza, and has expanded to more than 5,000 locations in 49 countries.

3. During the relevant time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made or routed to Defendant's customer service numbers and Order Call Center. Defendant recorded and/or monitored calls without warning or disclosing to inbound callers that their calls might be recorded or monitored.

4. Defendant's policy and practice of recording and monitoring, without the consent of all parties, Defendant's telephone conversations with California residents who, while physically located in California, (1) called one or more of Defendant's customer service numbers and/or (2) called a local store number and were routed to Defendant's Order Call Center violates

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA"). Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

the California Invasion of Privacy Act (Penal Code §§ 630, *et seq*. ("CIPA")). Specifically, Defendant's policy and practice violate Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

5. Because of Defendant's violations, all individuals who meet one or both of the proposed class definitions in paragraphs 21 and 22 below and who called or were routed to one of Defendant's customer service numbers and/or the Order Call Center while they were in California and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages.

## PARTIES

6. Plaintiff Eddie Guerra is an individual and a resident of California.

7. Defendant Papa John's International, Inc. is a corporation organized under the laws of the State of Delaware with its headquarters in Louisville, Kentucky and Atlanta, Georgia. Papa John's systematically and continuously does business in California and with California residents.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

9. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each named Defendant and the Doe Defendants were the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, successors in interest, and/or predecessors in interest of some or all of the other Defendants, were engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes, and on that

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

ground alleges, that each Defendant acted pursuant to and within the scope of the relationships alleged above and that each knew or should have known about and that each authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

11. This Court has personal jurisdiction over the parties because Defendant continuously and systematically has conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and these violations arose out of his contact with Defendant from and within California.

12. Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5 and case law interpreting those sections provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county that a plaintiff desires. On information and belief, Defendant Papa John's International, Inc. is a foreign business entity and has failed to designate a principal place of business in California with the office of the Secretary of State as of the date this Complaint was filed.

**FACTUAL ALLEGATIONS COMMON TO THE CLASS**

13. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant's customer service numbers, including without limitation (877) 547-7272, connected callers to Defendant's customer service representatives. Plaintiff also is informed and believes and on that ground alleges that, at all relevant times, local telephone numbers for Defendant's California store locations connected callers to Defendant's customer service representatives at the Order Call Center when Option 3 to place a new order was chosen.

14. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant's employees and agents at the customer service call centers and Order Call Center received incoming calls from callers including California callers. Plaintiff is further informed and believes and on that ground alleges that Defendant intentionally has used

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

technology consisting of hardware and/or software or other equipment to carry out a policy and practice of recording and/or monitoring calls routed to Defendant's customer service call centers and Order Call Center.

15. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant's employees and agents at or associated with the customer service call centers and Order Call Center were and are directed, trained and instructed to, and did and do, record and/or monitor telephone calls between the customer service representatives and callers, including California callers.

16. On several occasions, including in February 2023, Plaintiff called one of Defendant's local store numbers, selected Option 3 to place an order, and engaged in conversations with Defendant's employees or agents at the Order Call Center to order pizzas. On at least two occasions, Plaintiff also placed follow up calls to Defendant's (877) 547-7272 customer service number and spoke with a customer service representative about problems with his orders. Plaintiff made these telephone calls from within California while using his cellular telephones.

17. During Plaintiff's telephone conversations with Defendant's employees or agents, Defendant's employees or agents failed to disclose to Plaintiff that his telephone conversations were being recorded and/or monitored. Plaintiff did not give and could not have given consent for his telephone calls to be recorded or monitored because the lack of warning and lack of disclosure regarding call recording left him unaware during the telephone calls that Defendant was engaged in that practice.

18. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, other callers who called one or more of Defendant's customer service numbers from a location in California were not informed at the call outset by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

19. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, other callers who called one of Defendant's local California store numbers from a location

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

in California and were routed to Defendant's Order Call Center were not informed at the call outset by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the call recipients' knowledge or consent.

20. Because there was no warning that Plaintiff's calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversations with Defendant's employees and agents were, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring occurred without his consent, is highly offensive to Plaintiff, and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of himself and a class (the "Customer Service Class") defined as follows:

> All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, made a telephone call to one or more of Defendant's customer service numbers and engaged in a telephone conversation with Defendant's customer service representatives where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, and were recorded and/or monitored by Defendant without any warning or disclosure at the call outset.

22. Plaintiff also brings this action under California Code of Civil Procedure § 382 on behalf of himself and a second and distinct class (the "Order Call Center Class") defined as follows:

> All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

matter and through and including the date of resolution, made a telephone call to one or more of Defendant's local California store numbers, were routed to the Order Call Center, and engaged in a telephone conversation with Defendant's customer service representatives at the Order Call Center where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, and were recorded and/or monitored by Defendant without any warning or disclosure at the call outset.

23. The Customer Service Class and the Order Call Center Class (collectively the "PC § 632.7 Classes") that Plaintiff seeks to represent contain numerous members and are clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's and/or other telecommunications and service providers' records regarding calls made or routed to Defendant's customer service numbers and Defendant's Order Call Center to determine the size of the PC § 632.7 Classes and to determine the identities of individual class members. Plaintiff reserves the right to amend or modify the class definitions and/or to add subclasses or limitations to particular issues.

24. By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7 Classes' members' privacy rights under CIPA, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the PC § 632.7 Classes' members, who have a well-defined community of interest in the questions of law and fact raised in this action.

25. Plaintiff's claims are typical of those of the PC § 632.7 Classes, as Plaintiff now suffers and has suffered from the same violations of the law as other putative PC § 632.7 Classes' members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the PC § 632.7 Classes, and Plaintiff will fairly and adequately represent the interests of the PC § 632.7 Classes.

26. This action may properly be maintained as a class action under section 382 of the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed PC § 632.7 Classes are ascertainable.

**Numerosity**

27. Based on information and belief, the Customer Service Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

28. Based on information and belief, the Order Call Center Class consists of at least seventy-five individuals, making joinder of individual cases impracticable

**Typicality**

29. Plaintiff's claims are typical of the claims of all of the other members of the Customer Service Class and the Order Call Center Class. Plaintiff's claims and the PC § 632.7 Classes' members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and all of the other PC § 632.7 Classes' members.

**Common Questions of Law and Fact**

30. There are questions of law and fact common to the Customer Service Class that predominate over any questions affecting only individual Customer Service Class members. Those common questions of law and fact include, without limitation, the following:

(a) Whether Defendant had a policy or practice of recording and/or monitoring inbound telephone calls made to Defendant's customer service numbers;

(b) Whether Defendant had a policy or practice of not disclosing to inbound callers to Defendant's customer service numbers that their conversations with Defendant's customer service representatives would be recorded and/or monitored;

(c) Whether Defendant had a policy or practice of not obtaining inbound callers' consent to record and/or monitor conversations between Defendant's customer service representatives, on the one hand, and inbound callers to Defendant's customer service numbers, on the other;

(d) Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations between Defendant's customer service representatives and inbound

callers to Defendant's customer service numbers where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone; and

(e) Whether Customer Service Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

31. There are questions of law and fact common to the Order Call Center Class that predominate over any questions affecting only individual Order Call Center Class members. Those common questions of law and fact include, without limitation, the following:

(a) Whether Defendant had a policy or practice of recording and/or monitoring inbound telephone calls made to one of Defendant's local California store numbers and routed to Defendant's Order Call Center;

(b) Whether Defendant had a policy or practice of not disclosing to inbound callers that their conversations with Defendant's customer service representatives at the Order Call Center would be recorded and/or monitored;

(c) Whether Defendant had a policy or practice of not obtaining inbound callers' consent to record and/or monitor conversations between Defendant's customer service representatives at the Order Call Center, on the one hand, and inbound callers, on the other;

(d) Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations between Defendant's customer service representatives at the Order Call Center and inbound callers where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone; and

(e) Whether Order Call Center Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**Adequacy**

32. Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other PC § 632.7 Classes' members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests that are adverse to those of the other PC § 632.7 Classes' members.

**Superiority**

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all of the members of one or both of the PC § 632.7 Classes is impracticable and because questions of law and fact common to the PC § 632.7 Classes predominate over any questions affecting only individual members of the PC § 632.7 Classes. Even if every individual member of one or both of the PC § 632.7 Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties, and protect the rights of each member of one or both of the PC § 632.7 Classes. Further, it will prevent the very real harm that would be suffered by numerous members of the putative PC § 632.7 Classes who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

34. The prosecution of separate actions by individual members of one or both of the PC § 632.7 Classes may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of one or both of the PC § 632.7

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Classes who are not parties to those adjudications or that would substantially impair or impede the ability of those non-party members of one or both of the PC § 632.7 Classes to protect their interests.

35. The prosecution of individual actions by members of one or both of the PC § 632.7 Classes would run the risk of establishing inconsistent standards of conduct for Defendant.

**FIRST CAUSE OF ACTION**
**Unlawful Recording and/or Monitoring of**
**Cellular and Cordless Telephone Communications**
**(Violation of California Penal Code § 632.7)**

36. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

37. On more than one occasion in and around February 2023, while located in California, Plaintiff used a cellular telephone to call one of Defendant's local California store numbers and was routed to Defendant's Order Call Center to place an order for pizzas. Plaintiff also placed telephone calls to one of Defendant's customer service numbers – (877) 547-7272 – and engaged in telephone conversations with Defendant's customer service representatives to discuss the problems with his pizza orders.

38. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had a policy and practice of using hardware and/or software and/or other equipment to record surreptitiously and/or to monitor telephone conversations with Plaintiff and other Customer Service Class members who made inbound calls to Defendant's customer service numbers where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

39. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had a policy and practice of using hardware and/or software or other equipment to record surreptitiously and/or monitor telephone conversations with Plaintiff and other Order Call Center Class members who made inbound calls to Defendant's local California store numbers and were routed to Defendant's Order Call Center where the communication was

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

40. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and the PC § 632.7 Classes' members' telephone conversations with Defendant's customer service and Order Call Center customer service representatives where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

41. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had and followed a policy and practice of not advising or warning California residents such as Plaintiff or the PC § 632.7 Classes' members at the outset of inbound calls that their telephone communications with Defendant's customer service and Order Call Center customer service representatives, where the communication was transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, would be recorded and/or monitored.

42. Because Defendant did not disclose to Plaintiff or the PC § 632.7 Classes' members at the call outset that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff's or the PC § 632.7 Classes' members' express or implied advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and the PC § 632.7 Classes' members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California

consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.

43. Defendant's conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiff and the PC § 632.7 Classes' members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Customer Service Class and the Order Call Center Class, prays for the following relief:

a. An order certifying the Customer Service Class, appointing Plaintiff Eddie Guerra as the representative of the Customer Service Class, and appointing counsel for Plaintiff as counsel for the Customer Service Class;

b. An order certifying the Order Call Center Class, appointing Plaintiff Eddie Guerra as the representative of the Order Call Center Class, and appointing counsel for Plaintiff as counsel for the Order Call Center Class;

c. An order declaring that Defendant's actions, as described above, violate California Penal Code § 632.7;

d. A judgment for and award of statutory damages of $5,000 per violation under California Penal Code § 637.2 to Plaintiff and the members of the Customer Service Class;

e. A judgment for and award of statutory damages of $5,000 per violation under California Penal Code § 637.2 to Plaintiff and the members of the Order Call Center Class;

f. Payment of costs of the suit;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

g. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

h. An award of pre- and post-judgment interest to the extent allowed by law; and

i. Such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: February 28, 2023

**KELLER GROVER LLP**

By: ______________________
ERIC A. GROVER
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: February 28, 2023

**KELLER GROVER LLP**

By: ______________________
ERIC A. GROVER
*Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric A. Grover, Esq. (SBN 136080), Rachel G. Jung (SBN 239323)
Keller Grover LLP, 1965 Market Street, San Francisco, California 94103

TELEPHONE NO.: (415) 543-1305 FAX NO. *(Optional)*: (415) 543-7861
E-MAIL ADDRESS: eagrover@kellergrover.com, rjung@kellergrover.com
ATTORNEY FOR *(Name)*: Plaintiff Eddie Guerra

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
02/28/2023 at 11:29:59 AM
By: Darnekia Oliver,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Guerra v. Papa John's International, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 23CV028458<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 1
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2023
Eric A. Grover, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**Short Title:** Guerra v. Papa John's International, Inc. **Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [✓] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate<br>**Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |