UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| COLIN JACKSON,<br><br>        Plaintiff,<br><br>        v.<br><br>PAPA JOHN'S INTERNATIONAL INC.,<br>COGNIZANT TECHNOLOGY SOLUTIONS<br>U.S. CORPORATION, and Does 2 through 100,<br>inclusive<br><br>        Defendants. | Case No. 23-cv-01933-LB<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT**<br><br>Re: ECF No. 78 |

**INTRODUCTION**

In this putative class action, plaintiff Colin Jackson claims that defendants Papa John's International (a pizza chain) and Cognizant Technology Solutions (which provides call-center services for Papa John's) violated Cal. Penal Code § 632.7 by recording calls, without his knowledge or consent, that he made to Papa John's stores in California and its customer-service number.[1] The defendants moved for summary judgment on the ground that § 632.7 applies only to communications between combinations of three telephones (landline, cordless, or cellular radio telephones), and Cognizant call-center agents did not use a landline, cordless, or cellular radio

---

[1] Second Am. Compl. (SAC) – ECF No. 52 at 2–3 (¶¶ 1–8), 4 (¶ 10), 6–7 (¶¶ 21–23). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

telephone and instead used laptop or desktop computers running Voice Over Internet Protocol (VoIP) software to communicate with the plaintiff and other customers.[2] There is no genuine dispute that Cognizant call centers do not use landline, cordless, or cellular telephones, a requirement for liability under the plain language of Cal. Penal Code § 632.7. Summary judgment is granted.

## CALIFORNIA PENAL CODE § 632.7

Cal. Penal Code § 632.7 is a criminal statute that is privately enforceable:

> Every person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

A "cellular radio telephone" is "a wireless telephone authorized by the Federal Communications Commission to operate in the frequency bandwidth reserved for cellular radio telephones." Cal. Penal Code § 632.7(d)(1). A "cordless telephone" is "a two-way, low power communication system consisting of two parts, a 'base' unit which connects to the public switched telephone network and a handset or 'remote' unit, that are connected by a radio link and authorized by the Federal Communications Commission to operate in the frequency bandwidths reserved for cordless telephones." *Id.* § 632.7(d)(2). "Landline telephone" is not defined. A "communication" "includes, but is not limited to, communications transmitted by voice, data, or image, including facsimile." *Id.* § 632.7(d)(3).

## STATEMENT

### 1. The Parties and the Plaintiff's Calls

Papa John's is a pizza-delivery chain incorporated in Delaware and headquartered in Kentucky and Georgia, with more than 130 locations in California.[3] Cognizant, incorporated in Delaware

---

[2] Mot. – ECF No. 78 at 6.

[3] SAC – ECF No. 52 at 2 (¶ 2), 4 (¶ 11).

and headquartered in Texas, provided call-center services to Papa John's, including calls to Papa John's California locations and its customer-service center. It recorded and/or monitored the calls.[4] The plaintiff, a resident of California, used his cell phone while in California to call Papa John's local store numbers in California (including the Laurel Canyon Boulevard location) to order pizzas. On one occasion, while in California, he made a follow-up call to Papa John's customer-service number. Cognizant recorded and/or monitored the calls without telling him.[5]

The complaint has one claim for recording calls without consent in violation of Cal. Penal Code § 632.7 and is asserted on behalf of the plaintiff and two California classes: (1) a "Customer Service Class" for California residents who called a customer-service representative and (2) an "Order Call Center Class" for California residents who called local stores and were routed to the call center.[6]

### 2. Cognizant's Call-Center Technology

Cognizant operates the ordering service and the customer-support service on behalf of Papa John's from call centers in the Philippines.[7] The services operate on Genesys, an internet-based communications platform that allows call agents to answer and route incoming calls.[8] Agents log into Genesys using computers and wired headsets issued by Cognizant. They do not use landline, cordless, or cellular radio telephones.[9] The infrastructure has been substantially the same since February 2022, the earliest commencement date asserted by the plaintiff for the liability period.[10]

Call-center agents connect to the internet through hardwired connections: a core switch, physical server, firewall, internet switch, and dedicated internet-service provider (ISP) line.[11]

---

[4] *Id.* at 2 (¶ 3), 4 (¶ 12), 5–6 (¶¶ 18–20).

[5] *Id.* at 2 (¶ 1), 3 (¶ 7), 6 (¶¶ 21–22).

[6] *Id.* at 7–8 (¶¶ 27–28), 12–14 (¶¶ 42–49).

[7] Voorappan Decl. – ECF No. 78-1 at 2 (¶¶ 2, 4–6), 4 (¶¶ 17, 19), 5 (¶¶ 27–29).

[8] *Id.* at 2 (¶¶ 4–6), 4 (¶¶ 19–21).

[9] *Id.* at 3 (¶¶ 7, 10), 4 (¶ 22), 5 (¶ 25).

[10] *Id.* at 2 (¶ 3), 4 (¶ 18).

[11] *Id.* at 3 (¶ 13), 5 (¶ 28).

ORDER – No. 23-cv-01933-LB                    3

Cognizant gives a stipend for high-speed internet access to call agents who work from home.[12] To connect to the Genesys platform, agents log into Cisco AnyConnect, a virtual private network (VPN), allowing them to pass through firewalls and connect to Genesys. Thereafter, they use the same server, internet switch, and dedicated ISP lines used at the call centers.[13]

The call path for a cellular-phone call is the caller's mobile network, then travel over the public switched telephone network (PSTN), ultimately connecting to a VoIP gateway called a Session Border Controller (SBC), which is the entry point and initial translator between the PTSN and Cognizant's Genesys platform. Only after reaching the SBC is the call converted into data transmissions (IP packets) and forwarded over the internet by Genesys and internally routed to a Cognizant agent.[14] The path for cordless and landline calls similarly route through the PTSN and the SBC before being converted into IP packets and routed over the internet to an agent.[15]

### 3. Expert Evidence

An issue is whether VoIP is a form of landline telephone.[16]

**3.1 Defendants' Expert David Kalat**

Kalat is a Certified Telecommunications Analyst and holds other credentials in information technology and security. He analyzed Cognizant's communications system and equipment and concluded that it was not a form of a landline.[17] The computers, headsets, and software that Cognizant call agents use to answer calls and communicate with customers lack the essential characteristics of a landline telephone, including (1) they have no base unit or handset, (2) they do

---

[12] *Id.* at 3 (¶ 12), 5 (¶ 27).

[13] *Id.* at 3 (¶ 15), 5 (¶ 30).

[14] Maytidu Rep., Ex. B to Grover Decl. – ECF No. 86 at 5 (Figure 3); Voorappan Dep., Ex. F to Grover Decl. – ECF No. 85-1 at 75:6–24 (p. 34), 76:20–25 (p. 37), 79:25–80:12 (pp. 57–58); Kalat Dep., Ex. G to Grover Decl. – ECF No. 85-1 at 107:8–108:2 (pp. 90–91), 109:11–16 (p. 92), 109:24–110:1 (pp. 92–93), 130:6–131:7 (pp. 164–65).

[15] Maytidu Rep., Ex. B to Grover Decl. – ECF No. 86 at 6 (Figures 4–5); Kalat Dep., Ex. G to Grover Decl. – ECF No. 85-1 at 107:8–24 (p. 90), 109:11–16 (p. 92), 109:24–110:1 (pp. 92–93), 127:14–128:7 (pp. 153–54), 128:11–129:9 (pp. 154–55).

[16] Opp'n – ECF No. 85 at 24 (the parties dispute this issue).

[17] Kalat Rep. – ECF No. 78-3 at 2–7 (¶¶ 4–20).

ORDER – No. 23-cv-01933-LB                    4

United States District Court
Northern District of California

not transmit voice or other data through analog signals, (3) they do not connect to the PSTN or include a connector or jack characteristic of such connection, (4) they do not use a dedicated point-to-point connection over a physically wired telephone network, and (5) they do not meet the FCC's definition of landline telephone services.[18]

At his deposition, Kalat testified that components of Cognizant's VoIP solution are provided over Ethernet wires and that he was not aware of any part of the connection that uses WiFi.[19] The Ethernet connections are "four pairs of twisted copper wires."[20] He testified that all calls from landlines, cordless phones, and cellular phones to a VoIP phone must connect through the PSTN.[21]

### 3.2 Plaintiff's Expert William Maytidu

Maytidu is a telecommunications consultant.[22] He opines that VoIP is a form of "landline" telecommunications system because it relies on physical wires or cables for transmission, akin to traditional landline telephones.[23]

> The laptop and desktop computer telephones used at the two call centers are all hardwired from the computer-telephone unit itself all the way to the MPLS Network at each call center. A Cat5e Ethernet cable is used as the hardwired connection to the RJ45 connector on the LAN.
>
> Hardwired Digital, IP and PC based IP telephones are all "landline" telephones in that they all connect via a wire or cable, be it a twisted pair of copper telephone line or a Cat5e Ethernet cable.

---

[18] *Id.* at 7 (¶ 21), 23–24 (¶¶ 62–67). The plaintiff does not argue that Cognizant used the equivalent of a cordless or cell phone. Opp'n – ECF No. 85 at 21–29; Reply – ECF No. 90 at 11 (making this point). In any event, Kalat opined that the statutory definition of "cordless telephone" and "cellular radio telephone" are not met. For cordless telephones, the equipment does not (1) connect to the PSTN or include a connector or jack characteristic of such a connection, (2) transmit analog signals through a PSTN connection, (3) use a dedicated point-to-point connection over a physically wired telephone network, or (4) connect via a radio link. Kalat Rep. – ECF No. 78-3 at 7–8 (¶ 22), 24 (¶¶ 68–69). For cellular-radio telephones, no component of the equipment or software used by Cognizant call agents (1) engages in any wireless transmission of information over a cellular radio telephone network or (2) operates in a bandwidth reserved by the FCC for cellular radio telephones. *Id.* at 7 (¶ 21), 25 (¶¶ 70–71).

[19] Kalat Dep., Ex. G to Grover Decl. – ECF No. 85-1 at 132:12–18 (p. 168).

[20] *Id.* at 132:21–25 (p. 168).

[21] *Id.* at 107:8–108:2 (pp. 90–91).

[22] Maytidu Rep., Ex. B to Grover Decl. – ECF No. 85-1 at 25.

[23] *Id.* at 25, 30. "PBX" stands for "Private Branch Exchange" and "is a telephone switch that is connected to the PSTN." Reply – ECF No. 90 at 15 n.4.

> Further, whether using a Digital telephone or an IP telephone, speech is converted into a data stream at the origination point for transport and then converted back into speech at the termination point. IP Telephony is simply another form of digital telephony using IP as the transport mechanism. Further, both types of telephones use tones that must be interpreted by the telephony switch to route calls to the called number from the calling number.[24]

At his deposition, Maytidu testified that he was not offering opinions on the meaning of "landline telephone" and that the term "landline telephone" does not refer to a laptop or computer.[25] When asked about whether Cognizant's technology directly connected to the PSTN, Maytidu responded, in part, "Not directly, as far as I know."[26] When asked about the use of a PBX, Maytidu testified that "Genesys is performing a PBX motion," but when asked to describe his "bases for why the Genesys platform would be a PBX," he responded "I don't really have any information on the Genesys platform."[27] He said that it would be "a bit misleading" to call Cognizant's technology a "landline telephone."[28]

### 4. Jurisdiction and Procedural History

The court has CAFA jurisdiction. 28 U.S.C. §§ 1332(d)(2), (d)(5)–(6). The parties consented to magistrate-judge jurisdiction.[29] *Id.* § 636(c)(1). The court held a hearing on May 28, 2026.

### ANALYSIS

Summary judgment must be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the nonmoving party must produce evidence of a genuine issue of material fact. *Id.* at 322–23.

---

[24] Maytidu Rep., Ex. B to Grover Decl. – ECF No. 85-1 at 30.

[25] Maytidu Dep., Ex. B to Mancall-Bitel Decl. – ECF No. 90-3 at 48:1–24 (p. 129).

[26] *Id.* at 14:8–11 (p. 88).

[27] *Id.* at 19:13–25 (p. 93).

[28] *Id.* at 47:6–19 (p. 128).

[29] Consents – ECF Nos. 13–14, 39, 65.

United States District Court
Northern District of California

There are two issues: (1) whether § 632.7 requires a covered device (cellular radio telephone, cordless telephone, or landline telephone) on both ends of the communications (it does) and (2) whether Cognizant's VoIP-based calling system is a "landline telephone" under § 632.7 (it is not). Summary judgment thus is granted to the defendants.

### 1.    Section 632.7 Requires Covered Devices on Both Ends

Section 632.7(a) prohibits the nonconsensual recording of "a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Cal. Penal Code § 632.7(a). The parties dispute whether this language requires a covered device on both ends of the communication (the defendants' view) or merely on one end (the plaintiff's view).[30]

The defendants contend that the statute's plain language enumerates five specific device pairings, each requiring a covered device on both ends. They argue that the text is unambiguous and that a majority of district courts have so held. They further argue that when the Legislature has intended to cover VoIP and internet-based communications, it has done so directly and that its failure to amend § 632.7 to include such technologies is indicative of its intent to leave the law unchanged.[31] The plaintiff responds that in *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002), the California Supreme Court interpreted § 632.7 as prohibiting the recording of communications "involving *a* cellular phone or *a* cordless phone," requiring only one party to use a covered device. The plaintiff argues that *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021), reaffirmed this interpretation and that the Ninth Circuit adopted the same reading in *Maghen v. Quicken Loans Inc.*, 680 F. App'x 554 (9th Cir. 2017). The plaintiff also argues that interpreting § 632.7 to

---

[30] Mot. – ECF No. 78 at 15–16; Opp'n – ECF No. 85 at 15–16.

[31] Mot. – ECF No. 78 at 12–15.

United States District Court
Northern District of California

exclude VoIP call centers (similar in every respect to traditional telephony) would create a massive loophole undermining the statute's strong policies protecting privacy.[32]

The plain language of § 632.7 requires covered devices on both ends of the call.

Under California law, statutory interpretation turns on the plain language of the statute. *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071 (9th Cir. 2020); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007). Section 632.7(a) lists five specific device pairings: (1) two cellular radio telephones, (2) a cellular radio telephone and a landline telephone, (3) two cordless telephones, (4) a cordless telephone and a landline telephone, or (5) a cordless telephone and a cellular radio telephone. Cal. Penal Code § 632.7. By identifying a specific device on each side of each pairing, the statute requires a covered device at both ends of the communication. The word "between" reinforces this reading: a communication "transmitted between" two specified devices logically requires the presence of both.

The majority of courts addressing the question agrees. *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 760 (N.D. Cal. 2023) (§ 632.7 "unambiguously limits its reach to communications *between* various types of telephones"); *Montantes v. Inventure Foods*, No. CV–14–1128–MWF (RZx), 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014); *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1125 (S.D. Cal. 2024) (collecting cases); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1112 (C.D. Cal. 2023) (the list of communications in § 632.7 is exclusive; rejected argument that the statute reflected the legislature's intent to include "new and emerging technologies" such as internet-based communications); *James v. Allstate Ins. Co.*, No. 3:23-cv-01931-JSC, 2023 WL 8879246, at *4 (N.D. Cal. Dec. 22, 2023).

The plaintiff's reliance on *Flanagan* is misplaced. *Flanagan* addressed whether the term "confidential communication" in § 632 applied to cordless- and cellular-telephone calls. 27 Cal. 4th at 768, 775–76. In discussing § 632.7's role within CIPA's statutory scheme, the court described the statute as addressing "communication involving a cellular phone or a cordless phone." *Id.* at 776. But this general description was not the *Flanagan* Court's holding, and the Court did not address

---

[32] Opp'n – ECF No. 85 at 7–19.

whether § 632.7 requires a covered device on both sides of a communication. *Montantes*, 2014 WL 3305578, at *5 (*Flanagan's* "brief summary" of § 632.7 "cannot be taken as its conclusive interpretation"); *Rodriguez*, 722 F. Supp. 3d at 1126 (same).

Similarly, *Smith v. LoanMe* addressed whether § 632.7 applies to "parties as well as nonparties to a communication," not whether a covered device must appear on both ends. 11 Cal. 5th at 190. When the court observed that "as a practical matter the kind of phone used to receive a call will commonly make no difference," it was noting that the broader CIPA framework (§§ 632 and 632.7 together) generally prohibits unauthorized recording regardless of phone type, not holding that § 632.7 dispenses with the covered-device requirement. *Id.* at 201.[33]

Because the statute unambiguously requires a covered device on both ends, and because it is undisputed that Cognizant's call-center agents did not use a landline telephone, cordless telephone, or cellular radio telephone, the plaintiff's communications fall outside § 632.7's scope. The defendants are entitled to summary judgment on this ground.

**2.    Internet-Based Calling Systems are not Landline Telephones Under § 632.7**

The next issue is whether Cognizant's VoIP-based system — consisting of computers running Genesys software connected via wired headsets — is a "landline telephone" under § 632.7.

The defendants argue that "landline telephone" bears its ordinary meaning: a traditional, wired telephone with a handset and base unit physically connected to the PSTN via an analog jack. They note that the term is a retronym coined to distinguish traditional telephones from newer cordless and cellular devices. They argue that a laptop computer running VoIP software has none of these characteristics. Their expert, Kalat, opines that Cognizant's technology lacks a handset, base unit, analog signal capability, PSTN connection, and FCC-defined "landline" characteristics.[34]

The plaintiff responds that VoIP is a form of "landline" telephone because (1) the Legislative Counsel intended "landline telephone" in § 632.7 to be identical to "telephone, except a radio" in §

---

[33] *See* Reply – ECF No. 90 at 6–7, 7 n.1 (pointing out that this holding implicitly reaffirmed that § 632.7's prohibitions apply only to communications with enumerated devices on both ends).

[34] *Id.* at 12–13; *see supra* Section 3.1.

United States District Court
Northern District of California

632, meaning any non-radio telephone, (2) VoIP systems use twisted-pair Ethernet cables and wired connections, similar to traditional landline infrastructure, (3) the calls at issue traveled over the PSTN before reaching the VoIP gateway, and (4) the CPUC has classified VoIP providers as public-utility telephone corporations.[35]

Section 632.7 does not define "landline telephone." When a statute does not define a term, the term is given its ordinary, contemporary, common meaning, informed by the statutory context. *City of Los Angeles v. Barr*, 941 F.3d 931, 940 (9th Cir. 2019); *People v. Porter*, 111 Cal. App. 5th 927, 937 (2025) (may look to the dictionary definition to determine the plain meaning).

The ordinary meaning of "landline telephone" is a traditional, wired telephone.[36] *McEwan v. OSP Grp., L.P.*, No. 14-cv-2823-BEN (WVG), 2015 WL 13374016, at *3–4 (S.D. Cal. July 2, 2015) ("telephone, . . . except a radio" in § 632 "means only one type of telephone (*i.e.* landline telephones)" and does not include "all types of telephones"). Cognizant's technology is not a "landline telephone" under this meaning: it lacks every characteristic of a traditional landline telephone (no handset, base unit, RJ11 jack, analog-signal transmission, or direct connection to the PSTN).[37] Instead, it receives voice communications as IP data packets transmitted over the internet after the SBC converts the incoming PSTN signal.[38]

The plaintiff's expert (Maytidu) supports this conclusion. He testified that the term "landline telephone" does not refer to a laptop or computer.[39] He agreed that Cognizant's technology is not a "landline telephone" and acknowledged it would be "a bit misleading" to call it one.[40] He testified that he was "not offering any opinions in this case as to industry standard usage of the full

---

[35] Opp'n – ECF No. 85 at 24–29.

[36] Mot. – ECF No. 78 at 17 (citing dictionary definition); Reply – ECF No. 90 at 12.

[37] Kalat Rep. – ECF No. 78-3 at 7 (¶ 21), 23–24 (¶¶ 62–67).

[38] Voorappan Dep., Ex. F to Grover Decl. – ECF No. 85-1 at 73:18–74:5 (pp. 31–32).

[39] Maytidu Dep., Ex. B to Mancall-Bitel Decl. – ECF No. 90-3 at 7:21–8:13 (pp. 81–82).

[40] *Id.* at 18:6–16 (p. 92), 47:6–19 (p. 128).

phrase" "landline telephone."[41] There are no material disputed facts: the technology is not a "landline telephone."

Maytidu's opinions about the separate term "landline" (meaning a wired telecommunications system) do not create a triable issue. The statute uses the term "landline telephone," not "landline." A wired telecommunications system may use "landline" infrastructure without constituting a "landline telephone." As Maytidu acknowledged, "not all telecommunications systems are telephones."[42] Moreover, even under Maytidu's definition of "landline system," which requires wires or cables connecting the telephone to the PSTN directly or via a PBX, Cognizant's technology does not qualify. Maytidu admitted that Cognizant's technology does not connect directly to the PSTN,[43] and he lacked any basis to opine that Genesys functions as a PBX.[44] Cognizant's fact witness testified unequivocally that "[t]here is no PBX involved."[45]

The plaintiff's remaining arguments do not change the outcome. That customer calls traverse the PSTN before reaching the SBC does not convert Cognizant's end-point devices into "landline telephones." Section 632.7 focuses on the devices used at each end of the communication, not on the transmission path between them. That VoIP systems use Ethernet cables (twisted-pair wires) does not make them landline telephones any more than a laptop connected to the internet via an Ethernet cable becomes a telephone. And the CPUC's classification of VoIP providers as "public utility telephone corporations" for regulatory purposes does not redefine the ordinary meaning of "landline telephone" as used in § 632.7 (a criminal statute enacted in 1992).[46]

Because no genuine dispute exists that Cognizant's technology is not a landline telephone, and because the plaintiff concedes that Cognizant did not use a cordless or cellular radio telephone, the defendants are entitled to summary judgment.

---

[41] *Id.* at 48:1–24 (p. 129).

[42] *Id.* at 9:8–23 (p. 83).

[43] *Id.* at 14:6–12 (p. 88).

[44] *Id.* at 19:24–27:14 (pp. 93–101).

[45] Voorappan Dep., Ex. A to Mancall-Bitel Decl. – ECF No. 90-2 at 4:14–18 (p. 74).

[46] The court allowed post-hearing briefs because the plaintiff had not seen the defendants' slides. Brs. – ECF Nos. 98, 100. The additional argument does not change the outcome.

United States District Court
Northern District of California

**CONCLUSION**

The plain language of § 632.7 requires a covered device on both ends of a communication, and there are no genuine disputes of material fact that the calls were not answered by a covered device. The defendants' motion for summary judgment is granted.

This resolves ECF No. 78.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
LAUREL BEELER
United States Magistrate Judge